**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SA CV 08-750 DOC (MLGx)            Date: August 19, 2008

Title: JASON NICHOLS v. GREENPOINT MORTGAGE FUNDING, INC., a corporation, GMAC MORTGAGE, LLC, a corporation, AND DOES 1-10

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                           Date:_____ Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kristee Hopkins | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                               NONE PRESENT

---

PROCEEDING (IN CHAMBERS): GRANTING PARTIAL MOTION TO DISMISS; DENYING MOTION TO ESTABLISH REASONABLE RESCISSION PROCEDURES WITHOUT PREJUDICE

        Before the Court is Defendant GMAC Mortgage, LLC's ("GMAC") Partial Motion to Dismiss ("Motion to Dismiss") and GMAC's Motion to Establish Reasonable Rescission Procedures Pursuant to 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d) ("Motion for Rescission"). The Court finds these matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for August 18, 2008 was removed from the Court's calendar. After reviewing the moving, opposing, and replying papers, and for the reasons set forth below, the Court hereby GRANTS the Motion to Dismiss and DENIES WITHOUT PREJUDICE the Motion for Rescission.

## I.  BACKGROUND

Plaintiff entered into consumer credit transactions on or about May 19, 2006 and June 13, 2006 with Greenpoint Mortgage Funding, Inc. ("Greenpoint").  The loans were allegedly subsequently assigned to GMAC.  Both loans extended consumer credit subject to a finance charge which was initially payable to Greenpoint.  By letter dated March 28, 2008, Plaintiff notified GMAC of his election to rescind both of the subject loans.  Plaintiff offered to make arrangements for tender as required under the Truth in Lending Act, 15 U.S.C. § 1635(b) ("TILA").  Plaintiff alleges that Defendants have failed to honor the rescission.

Plaintiff seeks damages and injunctive relief, alleging violations of the TILA, fraudulent omissions, violations of Cal. Bus. and Prof. Code § 17200, breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence.  Plaintiff alleges that "Defendants" failed to disclose the material terms of Plaintiff's loan transaction in a clear and conspicuous manner.  Plaintiff further alleges that "Defendants" failed to clearly and conspicuously disclose to Plaintiff in Defendants' Adjustable Rate Mortgage ("ARM") loan documents, and in the required Truth in Lending Disclosure Statement ("TILD") (1) the actual interest rate on which the payment amounts listed in the TILD are based; (2) that making the payments according to the payment schedule listed in the TILD will result in negative amortization and that the principal balance will increase; and (3) that the payment amounts listed in the TILD are insufficient to pay both principal and interest.  Lastly, Plaintiff alleges that "Defendants" failed to provide Plaintiff with accurate notices of right to cancel, which also allegedly entitle Plaintiff to rescind the subject loans.

In the instant Motion to Dismiss, GMAC seeks to dismiss Counts Two, Four, and Six through Nine, in their entirety as against GMAC, and Counts One, Three, and Five to the extent Plaintiff seeks any relief beyond rescission pursuant to section 1635 of the TILA.  In the Motion for Rescission, GMAC seeks an order establishing reasonable and equitable procedures that adequately protect all parties in rescinding the mortgage loans at issue in this action.

## II.  LEGAL STANDARD

### A.  Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted.  Once it has adequately stated a claim, a plaintiff may support the allegations in its complaint with any set of facts consistent with those allegations.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory).  Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief.  *Bell Atlantic*, 127 S. Ct.

at 1968 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).

The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006); *Balistreri*, 901 F.2d at 699. Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B. Motion for Rescission

TILA affords borrowers the opportunity to rescind credit transactions under certain circumstances. *See* 15 U.S.C. § 1635; 12 C.F.R. § 226.23. Rescission returns the parties to the *status quo ante*. *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003). "[R]escission under § 1635(b) is an on-going process consisting of a number of steps." *Id.* at 1173. Although § 1635 sets forth specific procedures for rescission, courts have discretionary powers to modify those procedures either before or after determining that rescission is warranted. *Id.* The Ninth Circuit explained the following:

> . . . there is no reason why a court that may alter the sequence of procedures *after* deciding that rescission is warranted, may not do so *before* deciding that rescission is warranted when it finds that, assuming grounds for rescission exist, rescission still could not be enforced because the borrower cannot comply with the borrower's rescission obligations no matter what. Such a decision lies within the court's equitable discretion, taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds. If . . . it is clear from the evidence that the borrower lacks capacity to pay back what she has received (less interest, finance charges, etc.), the court does not lack discretion to do before trial what it could do after.

*Id*. Determinations regarding rescission procedures shall be made on a "case-by-case basis, in light of the record adduced." *Id.*

## III. DISCUSSION

### A. Motion to Dismiss

The Court addresses each of the grounds raised in the motion to dismiss in turn.

### 1. Counts One, Three, and Five

In Counts One, Three, and Five of the Complaint, Plaintiff asserts that GMAC violated TILA and its implementing Regulation Z, 12 C.F.R. § 226, *et seq.*, by failing to make certain TILA-mandated disclosures in the form provided by the statute.  Plaintiff seeks actual and statutory damages pursuant to section 1640 of TILA, and rescission of the loan transactions pursuant to section 1635.  *See* 15 U.S.C. §§ 1635, 1640(a).  GMAC seeks to dismiss the claims for civil damages under these counts on the grounds that they are barred by the one-year limitations period imposed by section 1640(e).

In Plaintiff's opposition, Plaintiff concedes that the statute of limitations applies to the alleged disclosure violations that occurred at the time of the consummation of the loans.  Plaintiff indicates that Plaintiff's statutory damages claim is based on GMAC's purported failure to rescind the loan, which only occurred recently.

Thus, Counts One, Three, and Five are dismissed to the extent they are based on alleged violations resulting from insufficient disclosures at the time of consummation of the loans.

### 2. Counts Two, Four, Six, and Nine

Plaintiff alleges fraudulent omissions, violation of the UCL, and negligence in these counts.  Plaintiff concedes that GMAC was not his lender and had no direct involvement in the loans prior to their closing.  In addition, the fraud, UCL, and negligence claims are predicated on an alleged failure to comply with the requirements of TILA or otherwise disclose certain terms or information about the loans.  GMAC seeks to dismiss these claims on the basis that any such disclosures were Greenpoint's responsibility.  TILA creates a disclosure obligation for the creditor.  *See* 15 U.S.C § 1631(a) ("a creditor . . . shall disclose to the person who is obligated").

Plaintiff admits that "GMAC did not originate the subject loans."  Pl.'s Opp. at 5:17-18.  Instead, Plaintiff bases his claims on two arguments.  First, Plaintiff argues that GMAC was a joint venturer with Greenpoint and is therefore liable for Greenpoint's alleged violations.  Second, Plaintiff argues that Option Arm fraudulent omissions are apparent on the face of the documents and should have been disclosed.  Both arguments fail.

First, Plaintiff's joint venture theory does not cure the defective pleading.  As to Plaintiff's UCL claim (Count 6), California law makes clear that there is no vicarious liability under the UCL.  *Perfect 10, Inc. v. VISA Int'l Service Ass'n*, 494 F.3d 788, 808-09 (9th Cir. 2007) ("[A]n unfair practices claim under [the UCL] cannot be predicated on vicarious liability. . . . A defendant's liability [under the UCL] must be based on his personal participation in the unlawful practice and unbridled control over the practices that are found to violate [the UCL]") (quoting *Emery v. Visa Int'l Service Ass'n*, 95 Cal.App.4th 952, 960 (2002)).  Plaintiff's joint venture theory, by its very nature, presumes that Greenpoint is the one that personally participated in the TILA violations, and that GMAC's status

as a joint venturer makes GMAC liable for Greenpoint's actions under the UCL. Such a theory is precluded by California law under the UCL as explained in *Perfect 10*.

In any event, Plaintiff has failed to plead the existence of a joint venture. Under California law, a claim of joint venture requires factual elements to support the following elements: (1) a joint interest in a common business; (2) an understanding to share profits and losses; and (3) a right to joint control. *April Enterprises v. KTTV*, 147 Cal.App.3d 805, 819 (1983). Plaintiff has failed to allege any of these elements or the underlying facts to support the elements. Instead, Plaintiff speculatively relies on what discovery will "likely" reveal. However, even these facts that Plaintiff expects to discover are insufficient, alone, to support a joint venture under California law. Plaintiff's conclusory allegation of a joint venture is plainly insufficient.

Plaintiffs' second theory that Option Arm fraudulent omissions are apparent on the face of the documents and should have been disclosed also fails. "Fraud that should be apparent . . . is not actionable."). *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 975 (9th Cir. 2002) (citations omitted). "Fraudulent omissions" simply cannot be "apparent on the face of the documents" that Plaintiff received and signed; such an assertion is contrary to logic.

For these reasons, Counts Two, Four, Six, and Nine are appropriately dismissed.

### 3. Count Seven

In Count Seven, Plaintiff alleges breach of contract. However, Plaintiff fails to allege a breach of any actual provision of the contracts–the Notes. In response to GMAC's arguments that Plaintiff fails to set forth any provisions of the Notes that were breached, Plaintiff generates a new theory. Plaintiff has failed to plead this theory in the Complaint. Even if he had pled such a theory, the theory fails on the face of the Complaint.

Specifically, Plaintiff argues that a claim for breach of contract is supported by a purported breach of the contractual provision that "I will pay Principal and interest by making payments each month." Pl's. Opp at 8:5-9. Plaintiff argues that a breach occurred because the payments were insufficient to apply any portion of the month payments toward the principal loan balance. However, the Note clearly states that "[e]ach monthly payment will be applied as of its scheduled due date and will be applied to *interest before Principal*." Compl. Ex. C at ¶ 3(A) (emphasis added). Thus, even if Plaintiff had pled this theory for breach of contract, he would not have stated a valid claim for breach of contract. Finally, even if these allegations did state a valid claim, they fail because Plaintiff can show no damage on such a theory. Due to the capitalization of the interest to the principal, it made no difference whether Plaintiff's payments were applied first to the principal or first to the interest.

Accordingly, Count Seven shall be dismissed.

    **4.    Count 8**

Finally, Plaintiff fails to state a claim for breach of the implied covenant of good faith and fair dealing. First, as discussed above, Plaintiff fails to identify a provision of the Note that GMAC breached. *See Berger v. Home Depot U.S.A., Inc.*, 476 F.Supp.2d 1174, 1177 (C.D. Cal. 2007) ("[t]he implied covenant will not apply where no express term exists on which to hinge an implied duty, and where there has been compliance with the contract's express terms") (citations omitted).

Furthermore, even if Plaintiff did point to contractual provisions that were violated, Plaintiff has not, and cannot, state a claim for a special relationship giving rise to a tort remedy for a breach of the implied covenant in the instant circumstances. "[T]ort recovery for breach of the covenant is available only in limited circumstances, generally involving a special relationship between the contracting parties, and there was no special relationship between these parties." *Bionghi v. Metro. Water* Dist., 70 Cal.App.4th 1358, 1370 (1999); *see also Careau & Co. v. Security Pacific Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1399 (1990) ("the recognition of a tort remedy for a breach of the implied covenant in a noninsurance contract has little authoritative support. . . . [Most courts] ha[ve] rejected the recognition of a special relationship between specific contracting parties"). In light of this authority, the Court declines to expand California law beyond circumstances in which the implied covenant of good faith and fair dealing has previously been applied. Thus, no special relationship giving rise to a tort remedy for breach of the implied covenant exists between Plaintiff and GMAC.

Accordingly, Count 8 is hereby dismissed.

    **B.    Motion for Rescission**

In the Motion for Rescission, GMAC requests that the Court enter an order requiring Plaintiff to tender the net rescission amount of $737,192.03 on the first loan and $119,146.27 on the second loan within sixty (60) days from the date of the court order. Only upon tender of these payments would GMAC be required to release either of its liens on the property under GMAC's proposal. Finally, GMAC requests that all claims for rescission be dismissed with prejudice if Plaintiff fails to meet his tender obligations within 60 days.

Plaintiff does not dispute the total amounts owed. Instead, Plaintiff requests that the Court order GMAC to continue to hold Plaintiff's note and modify the terms of the existing loan to lower the interest rate to an amount between 5.5% and 6.5%. Plaintiff further requests that rescission shall occur over a period of 30 years. Plaintiff also requests other modifications to make the loan terms more favorable to Plaintiff.

Plaintiff clearly is not entitled to a modification of the existing loan terms in the manner proposed. Rescission is not a means to create highly favorable loan terms for the party seeking rescission. Instead, it is a means to return the parties to the *status quo ante*, as if the loan never existed.

*See Yamamoto*, 329 F.3d at 1172.

In addition, the Court finds GMAC's request to be premature.  As explained by the Ninth Circuit, the Court may modify the rescission procedures prior to the determination whether rescission is proper if "it is clear from the evidence that the borrower lacks capacity to pay back what she has received."  *Id.* at 1173.  This determination requires an examination of the "record adduced."  *Id.*  Thus, the determination necessarily requires the Court to consider information such as the "the nature of the violations and the borrower's ability to repay the proceeds," including the borrower's specific financial circumstances.  *Id.*  Such factors are more appropriately considered at the summary judgment stage, after the parties have had the opportunity to conduct discovery on these issues.  For these reasons, the Court denies GMAC's Motion for Rescission, but will grant GMAC leave to seek reasonable rescission procedures at the summary judgment stage.

## IV.     DISPOSITION

GMAC's Partial Motion to Dismiss is hereby GRANTED.  Counts One, Three, and Five are DISMISSED WITH PREJUDICE to the extent they are based on alleged violations resulting from insufficient disclosures at the time of consummation of the loans.  Counts Two, Four, Six, and Nine are hereby DISMISSED WITHOUT PREJUDICE.  Count Seven is hereby DISMISSED WITHOUT PREJUDICE.  Count Eight is hereby DISMISSED WITH PREJUDICE.  Any attempts to cure Plaintiff's deficient pleadings shall be filed in an amended complaint no later than August 29, 2008.

GMAC's Motion to Establish Reasonable Rescission Procedures Pursuant to 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d) is DENIED WITHOUT PREJUDICE to be re-raised at the summary judgment stage.

The Clerk shall serve this minute order on all parties to the action.